IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERNESTO ALONSO RUIZ | § | |
| | § | |
| v. | § | C.A. NO. C-09-132 |
| | § | |
| DAN JOSLIN, WARDEN, | § | |
| FCI THREE RIVERS[1] | § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION TO DISMISS

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. (D.E. 1). On June 11, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging a failure by the Federal Bureau of Prisons ("BOP") to credit his sentence with 142 days he spent in custody awaiting his trial and sentencing. (D.E. 1). Pending is Respondent's motion to dismiss asserting that Petitioner's claims are unexhausted and meritless. (D.E. 11). Petitioner has not filed a response.[2] For the reasons stated herein, it is respectfully recommended that the Respondent's

---

[1] As the warden of the Federal Correctional Institution in Three Rivers, Texas, Dan Joslin has custody of Petitioner and is the proper Respondent regarding this habeas corpus petition. Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales); see also Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody.").

[2] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

motion to dismiss be granted, and this habeas action be dismissed.

## I. JURISDICTION

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is incarcerated in Live Oak County, Texas, and jurisdiction is therefore proper in this Court. 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On June 20, 2006, Petitioner was arrested for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), for which he was convicted and sentenced to 41 months imprisonment on November 9, 2006 in the McAllen Division of the Southern District of Texas. (D.E. 1, at 1). This sentence was not credited for the 142 days he spent in custody between his arrest and sentencing. Id. Petitioner asked prison "staff" why he had not received credit for the 142 days, and was told to file a motion pursuant to United States Sentencing Guidelines ("USSG") § 5G1.3 with the United States District Court for the Southern District of Texas. Id. at 2. He claims he filed such a motion, and, in response, was instructed that a § 2241 habeas petition was the "proper vehicle for challenging the manner in which the [BOP] is calculating a sentence." Id. On June 11, 2009, Petitioner filed this petition. Id.

## III.  DISCUSSION

Petitioner claims that the BOP erred in not crediting his sentence with the 142 days he spent in custody between his arrest and sentencing.  (D.E. 1, at 3-4). Respondent seeks dismissal of the petition on the grounds that Petitioner's claim is unexhausted and without merit.  (D.E. 11).

### A.    Petitioner's Claim Is Unexhausted.

The Fifth Circuit has held that before a federal prisoner may file a § 2241 petition for habeas corpus, he "must first exhaust his administrative remedies through the [BOP]."  Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).  Failure to exhaust those remedies properly can lead to dismissal of a § 2241 petition.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).

The BOP uses a three-level administrative remedy process by which prisoners can seek review of any aspect of incarceration.  See 28 C.F.R. § 542.10 et seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures).  First, the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed.  See 28 C.F.R. § 542.14.  If the dispute cannot be resolved informally, the prisoner may initiate the formal three-tiered administrative process by filing a

Form BP-9 complaint with the warden within twenty days of the incident. 28 C.F.R. § 542.14. If unsatisfied with the warden's response, he has twenty days to file an appeal with the regional director on a Form BP-10. 28 C.F.R. § 542.15(a). If he is unsatisfied with the regional director's decision, he may file an appeal on a Form BP-11 to the General Counsel within thirty days. Id. Appeal to the General Counsel is the final administrative appeal. Id. These deadlines may be extended when the inmate demonstrates a valid reason for delay. Id.

Here, Mike Flagor, a Paralegal Specialist with the BOP Federal Detention Center in Houston, Texas testified that he reviewed the administrative remedy database and determined "that the petitioner has not filed any administrative remedies at any of the three levels while incarcerated with the [BOP]." (D.E. 10, Ex. C). Instead, Petitioner asked prison staff about his credit for time served, and sent a "motion" pursuant to USSG § 5G1.3 to this Court. However, he provides no evidence of filing grievances within the BOP system, which would have been necessary before he could have filed a § 2241 petition. Accordingly, it is respectfully recommended that Petitioner's habeas petition raises an unexhausted claim.

**B.      Dismissal Upon The Merits Is Inappropriate.**

Respondent asserts Petitioner's petition should also be dismissed on its merits inasmuch as the remedy Petitioner seeks falls outside the scope of § 2241. (D.E. 11, at 3). The Fifth Circuit explained that "[a] motion to dismiss for failure to state a claim is an inappropriate practice in habeas." Miramontes v. Driver, 243 Fed. Appx. 855, 856 (5th Cir. 2007) (per curiam) (unpublished) (citing Browder v. Director, Dep't of Corr. of Ill., 434 U.S. 257, 269 n.14 (1978)). Accordingly, it is respectfully recommended that Respondent's motion to dismiss Petitioner's claim on the merits be denied.

Moreover, Petitioner's pro se complaint must be read indulgently. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). The heart of what Petitioner seeks is for the BOP to credit his sentence for the time he served imprisoned from his arrest until his sentencing. (D.E. 1, at 3). Such a claim, which attacks how his sentence is being carried out, easily falls under the purview of § 2241. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

Looking only at the facts on the face of the pleadings, and doing so in the light most favorable to the Petitioner, a claim exists upon which relief can be granted. Petitioner asserts that he is due 142 days credited against his sentence and

nothing in the pleadings proves otherwise.  Accordingly, it is respectfully recommended that Petitioner's claim should not be dismissed on the merits.

## IV.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Petitioner's claim is unexhausted.  Accordingly, it is respectfully recommended that the petition be dismissed.

Respectfully submitted this 17th day of November 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).